UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRIDE CLEANING AND RESTORATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16CV90 RLW ) |
| ANDRE D. COLE, SR., and ANDRE'S REMEDIATION AND RESTORATION, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion for Default against Defendant Andre's Remediation and Restoration, LLC ("Andre's Remediation") (ECF No. 12). The record shows that Defendant Andre's Remediation was served with the summons and Complaint on February 8, 2016, and has not filed an answer or other responsive pleading. Defendant Andre D. Cole, Sr., ("Cole") acting *pro se,* filed an answer on February 18, 2016. Plaintiff filed a Motion for Default against Defendant Andre's Remediation on April 4, 2016. In response, Defendant Cole filed an opposition to the motion on behalf of himself and Andre's Remediation and requested time to seek legal counsel. The Clerk of the Court entered a Clerk's Entry of Default on April 11, 2016. Plaintiff then filed the Renewed Motion for Default against Defendant Andre's Remediation on May 25, 2016. Plaintiff also requested a hearing on the amount of damages. Defendant Andre's Remediation did not file a response to the renewed motion for default, nor did an attorney enter an appearance on behalf of Defendant company.

On July 13, 2016, the Court held a hearing on the motion for default, during which time Defendant Cole indicated that he understood Andre's Remediation could not represent itself and

that he planned to obtain counsel. Plaintiff also submitted affidavits to the Court on the issue of damages in support of its default motion. The Court continued the hearing to allow Andre's Remediation to find legal representation, and on July 27, 2016, Defendant Cole failed to show and failed to respond to the clerk's attempts to contact him telephonically. Counsel for Plaintiff notified the Court that the damage amounts stated in the affidavits were true and correct, and the Court took the motion for default judgment under submission. On August 22, 2016, this Court issued an Order to Show Cause, by September 6, 2016, why the Court should not enter default judgment against Defendant Andre's Remediation for failure to answer or obtain counsel. (ECF No. 22) Defendant did not respond or otherwise comply with the show cause order.

## **Legal Standard**

Under Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violation of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)). Default judgments are disfavored under the law. *Harre*, 983 F.2d at 130. However, "entry of default judgment . . . is an appropriate exercise of a court's discretion for a party's repeated failure to comply with court orders due to willfulness or bad faith." *Monsanto Co. v. Hargrove*, No. 4:09-CV-1628 (CEJ), 2011 WL 93718, at *2 (E.D. Mo. Jan. 11, 2011) (citation omitted).

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of

action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12CV02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

## Discussion

Taking the allegations in the Complaint as true, Plaintiff has established that Defendant Cole owned Andre's Remediation, which was a direct competitor with Plaintiff in the same market. (Compl. ¶ 12, ECF No. 1) Further, Andre's Remediation accessed Plaintiff's computers without authorization and tampered with Plaintiff's computer data and equipment. (Compl. ¶¶ 19-29) In addition, Andre's Remediation interfered with Plaintiff's contracts, business relationships, and business expectancies with customers, as well as interfered with Plaintiff's employment relationship with Defendant Cole. (Compl. ¶¶ 35-43)

In the Affidavit submitted by Susan Seubert, the Secretary of Plaintiff Pride Cleaining and Restoration, Inc., Ms. Seubert avers that the Plaintiff's current damage claim against Andre's Remediation is $48,234.02, which comprises the costs for Cole's certification, net profit on five lost projects, the value of Plaintiff's lap top and other property, attorney's fees, and liquidated damages. Plaintiff also seeks reimbursement of court costs. (Seubert Aff. ¶ 3, ECF No. 17) Additionally, counsel for Plaintiff filed an affidavit verifying the amount of requested statutory attorney's fees and costs under one of the counts. (Cavanaugh Aff. ¶ 4, ECF No. 18)

Specifically, Plaintiff seeks a default judgment awarding damages of $1,042 for Cole's mold remediation certification; $21,247.89 in damages for five lost projects performed by

Defendant Andre's Remediation while Cole was still employed by Plaintiff; attorney's fees of $1,576.12 under Mo. Rev. Stat. § 537.525.2[1]; $250 for the laptop computer; and $24,117.01 in liquidated damages for Andre's Remediation's appropriation of confidential business information.

Defendant Andre's Remediation has failed to dispute the allegations in the Complaint or the amount of damages requested by Plaintiff, despite numerous opportunities to do so. Further, Defendant Andre's Remediation has willfully failed to comply with several orders of this Corut. The Court therefore finds that default judgment against Defendant Andre's Remediation is appropriate for failure to defend. *Ackra*, 86 F.3d at 857; *see also Forsythe v. Hales*, 255 F.3d 487, 491 (8th Cir. 2001) (affirming grant of default judgment where defendants were unable to show cause why default judgment should not be granted). Further, the Affidavits presented to this Court are sufficient to prove the amount of $24,117.01 for actual damages sustained by Plaintiff. However, the Court finds that Plaintiff has failed to provide sufficient justification for liquidated damages in the same amount of Plaintiff's actual damages, especially in light of the fact that the case remains pending against individual Defendant Cole. The Court will therefore grant the motion for default judgment and enter damages in the amount of $24,117.01 for actual damages only, plus $480 in court costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion for Default against Defendant Andre's Remediation and Restoration, LLC (ECF No. 12) is **GRANTED.**

---

[1] Under Mo. Rev. Stat. § 537.525.2, a court may award reasonable attorney's fees to a plaintiff prevailing on a claim of tampering with computer data, computer equipment, or computer users, which is Count II of Plaintiff's Complaint. Counsel expended 31.31 hours at a rate of $260, totally $7,880.60 in attorney's fees. (Cavanaugh Aff. ¶ 4, ECF No. 18) Divided among the five counts, counsel avers that Plaintiff is entitled to $1,576.12 in attorney's fees. (*Id.*)

4

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default against Defendant Andre's Remediation and Restoration, LLC (ECF No. 7) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff is entitled to damages in the amount of $24,597.01, representing $24,117.01 in actual damages and $480 in court costs. A separate judgment in accordance with this Memorandum and Order will be entered on this same date.

Dated this 28th day of September, 2016.

_____
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**